LED
27/2026 9:09 AM
loria A. Martinez
exar County District Clerk
ccepted By: Rosa Lynn Aguilera-Rodriguez
exar County - 166th District Court

# EXHIBIT C

CAUSE NO.**2026CI01933**

| | | |
|---|---|---|
| PEDROTTI'S NORTH WIND RANCH LLC PEDROTTI'S RANCH | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | BEXAR COUNTY, TEXAS |
| GREAT AMERICAN INSURANCE COMPANY | § § § § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Pedrotti's North Wind Ranch LLC Pedrotti's Ranch, ("Pedrotti's"), Plaintiff herein, files this Original Petition against Great American Insurance Company ("Great American") and, in support of its causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.    Pedrotti's is a limited liability company that does business in the state of Texas and whose place of business is in Bexar County, Texas.

2.    Great American is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, United Agent Group Inc., via certified mail at 2595 North Dallas Parkway, Suite 350, Frisco, TX 75034.

## II.
## DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4.     The damages sought are within the jurisdictional limits of this court.  Pedrotti's currently seeks monetary relief over $1,000,000 but not more than $5,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

## IV.
## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in Bexar County because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Bexar County.

## V.
## FACTUAL BACKGROUND

7.     Pedrotti's is a named insured under a property insurance policy issued by Great American.

8.     Sometime within the policy period, on or about May 26, 2025, a storm hit the Helotes, Texas area, damaging Pedrotti's property.  Pedrotti's subsequently filed a claim on its insurance policy.

9.     Great American improperly denied and/or underpaid the claim.

10.     The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

11.     The adjuster's unreasonable investigation led to the underpayment of Pedrotti's claim.

12. As a direct consequence of Defendant's unreasonable delay in promptly paying Plaintiff's claim, Plaintiff has been prevented from completing the necessary repairs to date. Likewise, Defendant's conduct has resulted in Plaintiff's loss of policy benefits, thereby excusing Plaintiff from any conditions precedent to recovering the full amount of policy benefits, including but not limited to depreciation. Moreover, Defendant's wrongful refusal to timely pay covered benefits directly hindered Plaintiff's ability to complete the necessary repairs required to restore the property to its pre-loss condition.

13. In the event appraisal is invoked by either party, Plaintiff further seeks damages in the amount of appraisal costs pursuant to *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019).

14. Moreover, Great American performed an outcome-oriented investigation of Pedrotti's claim, which resulted in a biased, unfair and inequitable evaluation of Pedrotti's losses on the property.

## VI.
## CAUSES OF ACTION

15. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

16. Great American had a contract of insurance with Pedrotti's. Great American breached the terms of that contract by wrongfully denying and/or underpaying the claim and Pedrotti's was damaged thereby.

**B.     Prompt Payment of Claims Statute**

17. The failure of Great American to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

18.    Pedrotti's, therefore, in addition to Pedrotti's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

## C.    Bad Faith

19.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

20.    Defendant violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

21.    Defendant violated § 541.060 by:

(1)    misrepresenting to Pedrotti's a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Pedrotti's a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Pedrotti's or submit a reservation of rights to Pedrotti's; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

22.    Defendant violated § 541.061 by:

(1)    making an untrue statement of material fact;

4

(2)   failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)   making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)   making a material misstatement of law; and

(5)   failing to disclose a matter required by law to be disclosed.

23.   Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

24.   Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.   Attorneys' Fees**

25.   Pedrotti's engaged the undersigned attorney to prosecute this lawsuit against Great American and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.   Pedrotti's is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because it is represented by an attorney, presented the claim to Great American, and Great American did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.   Pedrotti's further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

28.    All conditions precedent to Pedrotti's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Pedrotti's North Wind Ranch LLC Pedrotti's Ranch prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Pedrotti's be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Pedrotti's may show itself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:___ /s/ Maria Gerguis
        Maria Gerguis
        TBA No. 24090355
        mgerguis@dalyblack.com
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        2211 Norfolk St., Suite 300
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF

6